PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ADRIAN SMALLS,

       Plaintiff,

  -v-                                     20-CV-6474-FPG

SUPERINTENDENT COVENY, of Elmira         DECISION AND
Correctional Facility, and C. RHEINHART, of   ORDER
Elmira Correctional Facility,

       Defendants.
_____

## INTRODUCTION

Plaintiff Adrian Smalls ("Plaintiff"), formerly incarcerated at the Elmira Correctional Facility ("Elmira"), has commenced this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff is challenging the decision of the Time Allowance Committee ("TAC") to withhold good time credits after he was prevented from starting Elmira's Alcohol and Substance Abuse Treatment ("ASAT") program due to lack of staffing. ECF No. 1. Presently before the Court are Defendants' motions to dismiss and for summary judgment. ECF Nos. 3, 5. For the reasons set forth below, Defendants' motion to dismiss is DENIED; Defendants' motion for summary judgment is GRANTED; and the Complaint is dismissed without prejudice.

## DISCUSSION

**I.    Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment shall be granted when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010).

1

The party moving for summary judgment bears the burden of establishing the absence of any genuine issue of material fact.  *Celotex*, 477 U.S. at 322.  The burden then shifts to the nonmoving party, who "must come forward with specific facts showing that there is a genuine issue for trial." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).  In light of Plaintiff's *pro se* status, the Court is required to construe his opposition papers liberally "to raise the strongest arguments that they *suggest*." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2009) (internal quotation marks omitted).

Rule 56 provides that a party may file a motion for summary judgment "at any time until 30 days after the close of all discovery."  Fed. R. Civ. P. 56(b).  A party may move for summary judgment in lieu of filing an answer. *See, e.g.*, *Anderson v. Rochester–Genesee Reg'l Transp. Auth.*, 337 F.3d 201, 202 (2d Cir. 2003).  "The standard for granting summary judgment is the same whether the motion is made in lieu of an answer or after discovery has occurred." *Mckinney v. Prack*, 170 F. Supp. 3d 510, 514 (W.D.N.Y. 2016).  However, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). Nonetheless, "a motion for summary judgment in lieu of an answer is appropriate where the facts are undisputed and no amount of discovery would change the outcome." *Green v. Harris*, 309 F. Supp. 3d 10, 12 (W.D.N.Y. 2018).

**II.     Background**

The record contains the following undisputed facts.  Plaintiff was convicted of felony driving while intoxicated and committed to the custody of the New York State Department of

Corrections and Community Supervision ("DOCCS") on April 28, 2017.  ECF No. 5-3 at 6.[1]  He was initially admitted to the Downstate Correctional Facility and then transferred to Elmira on September 1, 2017.  *Id*.  Due to the nature of Plaintiff's conviction, he was required to take the Alcohol and Substance Abuse Treatment ("ASAT") program at Elmira prior to his release.  ECF No. 5-3 (Declaration of Supervising Offender Rehabilitation Coordinator ("SORC") Erin O'Brien) at 1.  Upon Plaintiff's arrival, however, the ASAT program was suspended due to lack of staff.  *Id*.  ASAT resumed in December, and Plaintiff began the program on December 17, 2017.  *Id*.  It typically takes an inmate 12-24 months to complete the ASAT program.  *Id*.

Prior to starting the ASAT program, however, six months of Plaintiff's good time credits were withheld at a TAC consideration proceeding held in November 2017.  ECF No. 5-4 at 9.  This decision was based on Plaintiff's failure to begin ASAT and a vocational program, and his conditional release date was adjusted from March 13, 2018 to September 13, 2018.  *Id*.  On March 2, 2018, Plaintiff filed a grievance protesting the revocation of his good time because his inability to satisfy the mandatory programming was "beyond his control" and he had "not refused any programming that would jeopardize his release."  ECF No. 1 at 13.

The inmate grievance program committee granted Plaintiff's grievance and recommended that TAC reconsider its decision on the grounds that Plaintiff was (1) exempt from the vocational requirement and (2) unable to being ASAT at an earlier date.  *Id*. at 15.  On March 21, 2018, Plaintiff sent a letter to the TAC chairman requesting reconsideration of his lost good time and release from custody.  ECF No. 7 at 20-21.  On March 27, 2018, Defendant Reinhart scheduled a review of the TAC decision in April 2018.  *Id*. at 27.  At the April 2018 review, TAC restored two months of the previously withheld good time and moved up Plaintiff's conditional release date

---

[1] *See also* DOCCS Inmate Lookup, http://nysdoccslookup.doccs.ny.gov (last accessed Sept. 7, 2021).

from September 13, 2018 to July 13, 2018.  ECF No. 5-4 at 7.  Plaintiff was released to parole on that date.  ECF No. 5-3 at 6.

On July 8, 2020, Plaintiff filed the instant Complaint alleging that he should have been released on March 13, 2018 instead of July 12, 2018.  ECF No. 1 at 5.  He is seeking "monetary damages" for the loss of good time for each day that he was incarcerated between March 13 and July 12.  In lieu of an answer, Defendants Coveny and Reinhart moved to dismiss the Complaint for lack of personal involvement and then filed a motion for summary judgment arguing that Plaintiff's action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[2]

### III.  Analysis

#### A.  Motion to Dismiss

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants have moved to dismiss Plaintiff's claims against them on the ground that he does not adequately allege their personal involvement.  ECF No. 3.  Rule 12(b)(6) provides that a cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  This motion is denied.  Drawing all reasonable inferences in Plaintiff's favor, the Court finds that he has stated enough facts to assert a non-speculative claim of personal involvement as to Defendant Reinhart, the TAC Chairman, and Superintendent Coveny.

#### B.  Motion for Summary Judgment

The Court further concludes that because the relevant facts are undisputed and "no amount of discovery would change the outcome," a motion for summary judgment in lieu of an answer is appropriate in this case.  *Green*, 309 F. Supp. 3d at 12; *accord Pittman v. Forte*, No.

---

[2] In support of their Motion for Summary Judgment, Defendants filed a statement of undisputed facts (Rule 56 Statement), a declaration with attached exhibits (SORC Erin O'Brien Declaration), an attorney declaration with attached exhibits, and a memorandum of law.  ECF No. 5. In opposition to Defendants' motion, Plaintiff filed a statement of facts and argument with attached exhibits.  ECF No. 7.

CIV.9:01CV0100LEKGLS, 2002 WL 31309183, at *2 (N.D.N.Y. July 11, 2002) (Sharpe, M.J.) (granting motion to dismiss filed in lieu of answer where inmate's due process claim challenging a disciplinary proceeding, including the loss of good time, was barred under *Heck*). Because Plaintiff makes no showing that the TAC decision to withhold four months of good time has been overturned or invalidated, the Court grants Defendants' motion for summary judgment and dismisses the Complaint without prejudice.

In *Heck*, the Supreme Court held that a prisoner seeking to recover damages under § 1983 for allegedly unconstitutional imprisonment must show that the "sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Therefore, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* "*Heck* applies to any challenge to the duration of 'confinement' that necessarily implies the invalidity of that confinement, even if that challenge would not implicate the underlying conviction or sentence." *Adams v. Annucci,* No. 17-CV-3794 (KMK), 2020 WL 1489787, at *5 (S.D.N.Y. Mar. 27, 2020), *reconsideration denied*, No. 17-CV-3794 (KMK), 2021 WL 308223 (S.D.N.Y. Jan. 21, 2021) (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005)).

The *Heck* bar applies to claims for monetary damages where the prisoner argues that the prison improperly revoked or withheld good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a prisoner's claim for monetary damages based on the deprivation of good time credits without due process necessarily implies the invalidity of that punishment). A

successful challenge to the revocation of good time credits would "lead necessarily to restoration of good-time credits and hence the shortening of the prisoner's sentence." *Wilkinson*, 544 U.S. at 84 (2005); *see also Lebron v. Armitage*, No. 9:08-CV-508 TJM/GJD, 2009 WL 9123270, at *6 (N.D.N.Y. Sept. 23, 2009) ("Clearly, a decision of the TAC relates only to good time and thus, to the length of plaintiff's incarceration. These claims clearly run afoul of the rule in *Heck v. Humphrey*, and do not fall into the *Peralta* [*v. Vasquez*, 467 F.3d 98 (2d Cir. 2006)], exception for 'mixed sanction' cases.").

Plaintiff's present action challenging the decision to deprive him of good-time credits is not cognizable under 42 U.S.C. § 1983. *Heck*, 512 U.S. at 486-87. His challenge, if successful, would necessarily imply the invalidity of his confinement and, as long the TAC decision stands, Plaintiff cannot pursue money damages for any alleged defect in the TAC proceeding. *See Edwards*, 520 U.S. at 648. The Complaint fails to allege that the decision to withhold four months of Plaintiff's good time credits was subsequently overturned. "[T]he purpose of the *Heck* favorable termination requirement is to prevent prisoners from using § 1983 to vitiate collaterally a judicial or administrative decision that affected the overall length of their confinement." *Peralta*, 467 F.3d 98. As such, Plaintiff is unable to argue the invalidity of his confinement beyond his conditional release date. *See D'Angelo v. Annucci*, No. 16-CV-6459 (KMK), 2017 WL 6514692, at *7 (S.D.N.Y. Dec. 19, 2017) ("[T]he invalidity of [the plaintiff's] continued confinement beyond the date of his conditional release is necessarily impl[ied] by this Action, and it is therefore barred under *Heck* and its progeny." (internal quotation marks omitted)). Because Plaintiff does not dispute that this action is *Heck* barred, Defendants' motion for summary judgment is granted.

## CONCLUSION

Defendants' motion to dismiss, ECF No. 3, is DENIED, and their motion for summary judgment, ECF No. 5, is GRANTED.  The Complaint is dismissed without prejudice.

IT IS SO ORDERED.

Dated:  September 14, 2021
       Rochester, New York

                                            HON. FRANK P. GERACI, JR.
                                            United States District Judge
                                            Western District of New York